UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:18-cr-00272-JAM |
| v. | |
| DREW RANKIN,<br>JAMES SULLIVAN,<br>JOHN BILDA,<br>EDWARD DEMUZZIO and<br>EDWARD PRYOR | October 12, 2021 |

**DEFENDANT SULLIVAN'S MOTION *IN LIMINE* TO EXCLUDE:
EVIDENCE OF ACTS TAKEN AFTER HIS RESIGNATION FROM THE CMEEC
BOARD**

**I.     FACTUAL BACKGROUND**

The indictment (paragraph 10) alleges that Defendant James Sullivan was a City of Norwich representative and the chairperson of the CMEEC Board of Directors and that Sullivan was an agent of CMEEC and the City of Norwich. Count One of the Indictment alleges that from in or about 2014, through 2017 the defendant Sullivan conspired with the co-defendants by, as an agent of CMEEC, and as an agent of CMEEC members, each a local government receiving in one year periods (beginning on January 1 of 2014, 2015, 2016, and 2017) benefits in excess of $10,000 under grants and federal assistance of various federal agency, embezzled stole, obtained by fraud or otherwise knowingly converted property valued at $5,000 or more that was under the care and custody of CMEEC and the CMEEC Members.

In Count II of the indictment defendant Sullivan is charged with stealing, obtaining by fraud, intentionally misapplying or otherwise obtaining without authority and converting to his own use $5,000 dollars or more, of funds under the care custody and control of

CMEEC, in 2014, in violation of 18 U.S.C. § 666(a)(1)(A) and (2). In Count III the Defendant Sullivan is charged with similar conduct in 2015. Count IV of the indictment, which alleges similar conduct in 2016, has been dismissed as to defendant Sullivan in recognition of the fact, as alleged in paragraph 10 of the indictment, that he resigned from CMEEC in October of 2015.

## II. DISCUSSION

As noted above, the government has conceded that Defendant Sullivan terminated his relationship with CMEEC and Norwich Public Utilities by October of 2015, agreeing to dismiss the fourth count of the indictment as to him. However, the indictment is full of allegations of activities of conspiratorial acts taken long after Mr. Sullivan's voluntary resignation form the boards.

Beginning in paragraph 44, and continuing through paragraph 61, the government alleges overt 17 acts with a value of well over half of the entire amount allegedly misappropriated at times when Mr. Sullivan was not a member of the board, did not attend the trips, and did not have any alleged participation in any of the acts enumerated.

The dismissal of the fourth count unequivocally establishes that Mr. Sullivan was not part of the corporation which was the vehicle for the alleged conspiracy. Further, there can be no question that Mr. Sullivan's withdrawal from the corporation was known by all of the members of the board of CMEEC, the CEO, the CFO, and that he took no further part in any of the alleged actions

A defendant withdraws from a conspiracy when he resigns from the business through which it is conducted. *U.S. v. Steele,* 685 F 2d 793, 803-804 (3d Cir. 1982); U.S. v. Reed ,658 F.2d 1225 (7th Cir. 1981). *U.S. v. Eppolito,* 543 F.3d 25, 49 (2d Cir. 2008).

If the government is allowed to introduce evidence of actions which took place after Mr. Sullivan withdrew from the business through which the alleged conspiracy took place, he could be convicted of conspiracy or aiding and abetting a conspiracy of which he is no longer a member. Accordingly the evidence of acts taken after October 2015, including the 2015 Greenbrier trip, the 2016 Kentucky Derby trip, the 2017 payment for the cancelled Kentucky Derby Trip, any actions allegedly taken to mislead the public about the cost or nature of the trips, any evidence of golf outings or other expenditures, or any statements made by any alleged co-conspirators should be excluded for the following reasons:

1)  Such evidence is not probative of the criminal charges. Only relevant evidence is admissible, Fed. R. Evid. 402, and evidence is relevant if it has any tendency to make a consequential fact more or less probable than it would be without the evidence, Fed. R. Evid. 401. The fact of resignation, in writing, transmitted to the business through the CEO, is admitted, and the fact that this resignation was known by all of the board, including the alleged co-conspirators is similarly obvious. Unless the government can establish some ongoing participation in the business, or communications with other alleged co-conspirators post resignation to establish continuing conspiratorial action by Mr. Sullivan , the evidence has no probative value as to either aiding or abetting a conspiracy, or participation in a conspiracy by Mr. Sullivan.

2) Even if the post resignation was admissible and somehow probative to establish an unknown and unapproved benefit to Mr. Sullivan from the acts of alleged co-conspirators, the probative value would be substantially

3

outweighed by the danger of unfair prejudice Fed. R. Evid. 403. Mr. Sullivan, through the withdrawal of the Fourth Count as to him, can not be convicted of a substantive offense relating to violation of 18 U.S.C. section 666(a)(1)(A). The reason for this withdrawal, his resignation, eliminates or at least severely diminishes the probative value of post resignation acts. The prejudice of admission of such activities is clear. The post resignation acts should not be admitted.

## III. CONCLUSION

For the reasons explained above, Defendant moves to exclude any evidence of acts of a corporation from which he had separated, or of individual members of that corporation which occurred after the date of his resignation. There can be no dispute as to when he left, and the admission of any evidence concerning these acts is wholly irrelevant as to Mr. Sullivan and incredibly prejudicial.

Respectfully submitted,

THE DEFENDANT,
JAMES SULLIVAN

By: //s// R. Bartley Halloran (ct26165)
R. Bartley Halloran
Halloran & Halloran
41 North Main Street, Suite 303.
West Hartford, CT 06107
(860) 726-7810 Office
bart.halloran@gmail.com

By: //s// Trent A. LaLima (ct29520)
Trent A. LaLima
Santos & LaLima, P.C.
50 Russ Street
Hartford, CT 06106
(860) 249-6548 Office
tlalima@santoslalima.com

4